UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JAMES PYUNG LEE and HEE SOOK NAM, | § | |
|---|---|---|
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0898-B |
| VERIMATRIX, INC., ROBIN "ROSS" COOPER, and INSIDE SECURE, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand for lack of subject matter jurisdiction. Doc. 14, Mot., 1. Plaintiffs argue that because the amount-in-controversy is now alleged to be less than the jurisdictional threshold, the Court must remand this case to state court. *Id.* at 2.

Specifically, Plaintiffs state that when they filed suit originally in state court, they mistakenly alleged that they sought equitable relief over $1,000,000. *Id.* Instead, the real amount-in-controversy is zero, they argue, as they "merely seek a declaratory judgment declaring that: Plaintiffs are owners of Veramatrix, Inc; they own specific shares/stock certificates attached to the petition; and Cooper had legal authority to ratify, authorize, or effect the transfer of the stock certificate from himself to Plaintiffs." *Id.* at 3. They argue that because they have amended their pleadings to remove the $1,000,000 allegation, the amount-in-controversy is now below the jurisdictional minimum. *Id.* But still at issue is 440,000 shares of stock in Defendant Verimatrix. Doc. 9, Am. Pet., ¶¶ 17–18.

While Plaintiffs' amended petition may now state that they are seeking less than the jurisdictional minimum, this does not necessarily mean that remand is appropriate, nor that the

- 1 -

amount-in-controversy is below $75,000. Although post-removal events that reduce the amount in controversy can divest the court of diversity jurisdiction in certain circumstances, that is not the case here. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (post-removal affidavits to be considered "only if the basis for jurisdiction is ambiguous at the time of removal"). An alleged drafting error does not affect this rule. *Flanagan v. Clarke Rd. Transp.*, 2018 WL 3869968, at *2 (S.D. Tex. Aug. 15, 2018).

And it is facially apparent from Plaintiffs' state-court petition, which was operative at the time of removal, that the amount in controversy exceeded $75,000. Doc. 1-3, Orig. Pet., ¶ 8. There was no ambiguous statement of the amount in controversy; jurisdiction clearly attached at the time of removal.

Even if the Court were to look beyond the face of the original pleadings to the object of the litigation, the Court would find the amount-in-controversy to be within the jurisdictional limits. *See Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (holding that where a plaintiff seeks a declaratory judgment or injunctive relief, the amount in controversy is "measured by the value of the object of the litigation"). The object of the litigation here is ownership of 440,000 shares of stock, which Defendant Ross Cooper's declaration suggests can be approximated by the 2019 closing price for the stock at issue—$0.44 per share. Doc. 21, Cooper Decl., ¶ 5. This well exceeds the $75,000 jurisdictional minimum.

Thus, the Court hereby **DENIES** Plaintiffs' Motion to Remand (Doc. 14).

SO ORDERED.

SIGNED: July 29, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE